In their Opinion and Award, the majority finds that deceased was an employee pursuant to N.C.G.S. § 97-2 (2), N.C.G.S. § 97-6, and the North Carolina case law. In my view, however, the facts of this case are not significantly distinguishable from Alford v. Cab Co., 30 N.C. App. 657,228 S.E.2d 43 (1976) in which the Court of Appeals held that the cab driver was an independent contractor because the right of control did not rest with the cab company. In the case at hand, plaintiff rented a cab for a flat fee per shift pursuant to an agreement identifying plaintiff as an independent contractor and plaintiff kept all the fares and tips he earned during a shift. A similar agreement existed in the Alford case. Furthermore, the conduct of plaintiff in Alford was strictly regulated by the cab company, but plaintiff was nonetheless found to be an independent contractor. TheAlford plaintiff, for example, was forbidden by the cab company from smoking, was required to wear a uniform and be physically fit, and could not cruise for passengers or carry too many passengers. In the present case, just as inAlford, plaintiff drove a cab painted in an identifiable manner, could ignore radio dispatch calls from the central office, and was not told the routes, manner, or method in which he should drive customers. In my opinion, the distinguishing elements cited by the majority are not persuasive and, in the absence of any further statutory or case law guidance, I find plaintiff to be an independent contractor.
For the forgoing reasons, I must respectfully dissent from the opinion of the majority in this case.
 S/_________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER